## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  Jeffenese Rose | Case No.  11-19592 - WCH |
| Debtor(s) | Chapter  7 |
| | |
| Jeffenese Rose,<br>    *Plaintiff,* | |
| v. | A.P. No. |
| Bank of America, N.A.,<br>    *Defendant.* | |

## COMPLAINT

Jeffenese Rose brings this complaint seeking redress due to the misconduct of defendant in attempting to collect a mortgage debt in violation of this Court's discharge injunction.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter is conferred by 28 U.S.C. § 1334.

2. This matter is a core proceeding arising from a willful violation by the defendant of the discharge injunction.

3. Venue lies in this District pursuant to 11 U.S.C. § 1409.

## PARTIES

4. Plaintiff, Jeffenese Rose, resides in Mattapan, Suffolk County, Massachusetts and is a debtor in this bankruptcy case.

5. Defendant, Bank of America, N.A., has its principal place of business at Greensboro, North Carolina.

## FACTS COMMON TO ALL COUNTS

6. On October 8, 2011, plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Massachusetts, which was subsequently converted to Chapter 7.

7. Plaintiff's account with defendant was listed on Schedule 'D' and on the Creditors Matrix of plaintiff's bankruptcy petition.

8. On October 12, 2011, defendant was served a Certificate of Notice of plaintiff's bankruptcy filing by first class mail to the address listed on the petition, which provided notice of the automatic stay in this bankruptcy case.

9. On October 12, 2011, defendant was served a Certificate of Notice of plaintiff's bankruptcy filing by electronic transmission by the Bankruptcy Noticing Center, which provided notice of the automatic stay in this bankruptcy case.

10. On November 7, 2011, defendant was served notice of plaintiff's Chapter 13 Plan by first class mail to the addresses listed on the petition.

11. On May 15, 2012, plaintiff received her discharge.

12. On May 15, 2012, defendant was served a Certificate of Notice of plaintiff's discharge by first class mail to the address listed on the petition.

13. On May 15, 2012, defendant was served a Certificate of Notice of plaintiff's discharge by electronic transmission by the Bankruptcy Noticing Center.

14. As described herein, defendant refused to stop its collection efforts despite receiving multiple notices of plaintiff's bankruptcy filing and discharge.

15. On May 22, 2012, notwithstanding multiple notices of this case, defendant sent plaintiff a letter demanding that she pay her pre-petition debt of 37,876.42.  See Exhibit A.

16. Attached hereto as Exhibit 'A' is a true copy of the letter.

17. Because of defendant's conduct, plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment, which in turn caused plaintiff to become despondent, to experience rage and anxiety, to suffer headaches and indigestion, and to lose sleep.

## COUNT I

18. Bank of America had actual notice of plaintiff's bankruptcy filing and the issuance of the Chapter 7 discharge.

19. By sending plaintiff correspondence containing a demand for payment after receiving multiple notices of plaintiff's bankruptcy filing and discharge, Bank of America has willfully attempted to collect, assess, or recover a claim against the plaintiff in violation of 11 U.S.C § 524.

20. The unlawful actions of Bank of America as described herein were intentional, and with reckless and callous disregard for the rights of the plaintiff debtor and the defendant's obligations under 11 U.S.C. § 524. Accordingly, this amounts to a gross violation.

21. As a result of the unlawful actions of the defendant, plaintiff has been forced to incur services of counsel.

22. As results of Bank of America's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, which in turn caused plaintiff to become depressed, to experience rage and anxiety, to suffer headaches and indigestion, and to lose sleep.

WHEREFORE, plaintiff prays for judgment against defendant awarding plaintiff actual and punitive damages, together with interest, costs, and reasonable counsel

fees.

    Jeffenese Rose,

    By her attorney,

    /s/  Steven Striffler
    Steven R. Striffler,
    BBO No. 664224
    Law Office of Steven R. Striffler
    21 McGrath Highway, Suite 301
    Quincy, MA 02169
    (617) 290-1573
    steve@strifflerlaw.com